UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RODNEY S. PERRY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-04916-TWP-TAB |
| | ) |
| DUSHAN ZATECKY, Superintendent of P.C.F., in their own individual and official capacity, A. TEMPLETON, Ofc. of P.C.F., in their own individual and official capacity, and B. RICHEY, Ofc. of P.C.F., in their own individual and official capacity, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND A PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff Rodney S. Perry Jr.'s ("Mr. Perry") Motion for Temporary Restraining Order and a Preliminary Injunction. (Dkt. 36.) Mr. Perry is a prisoner at Pendleton Correctional Facility ("PCF"). The Defendants in this civil rights action are PCF Warden Dushan Zatecky ("Warden Zatecky") and Correctional Officers A. Templeton ("Officer Templeton") and B. Richey ("Officer Richey") (collectively, the "Defendants"). Mr. Perry alleges that Warden Zatecky retaliated against him for pursuing grievances and litigation by refusing to process his transfer to another prison, even though Warden Zatecky knew Mr. Perry would be in danger if he remained at PCF. He also alleges that Officer Templeton and Officer Richey later refused to intervene and protect him when other inmates attacked him and that they refused to call for medical attention afterward, even though they knew he was seriously injured. The action is proceeding with a First Amendment claim against Warden Zatecky and Eighth Amendment claims against all three defendants. Mr. Perry asks the Court to enter a temporary restraining order and preliminary injunction requiring the Defendants, to transfer him immediately to a prison that would

align more closely with his disciplinary classification and allow him to receive necessary mental health treatment. (Dkts. 36, 36-1.)

## I. LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction, a plaintiff must establish that it has some likelihood of success on the merits; that it has no adequate remedy at law; that without relief it will suffer irreparable harm." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (citation and quotation marks omitted); *see Winter*, 555 U.S. at 20. "If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks omitted).

Because Mr. Perry is a prisoner, the Prison Litigation Reform Act ("PLRA") "circumscribes the scope of the court's authority to enter an injunction" in this case. *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). "This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.'" *Westefer*, 682 F.3d at 683 (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).

## II. FACTS

Mr. Perry alleges that he is a "Level 2" inmate and that PCF is a prison for "Level 3 and 4" inmates. (Dkt. 41 at 3.) He previously sued Warden Zatecky in a different lawsuit. Mr. Perry alleges that their settlement agreement required that he be transferred to a Level 2 facility. *Id.* at 2.

Mr. Perry cannot be transferred without Warden Zatecky's approval. *Id*. at 3; Dkt. 41-1 at 24–25. Mr. Perry alleges that Warden Zatecky "knew Mr. Perry faced a serious substantial risk of harm" as long as he remained at PCF. (Dkt. 41 at 3.) Mr. Perry does not describe the nature of the harm he faces or how Warden Zatecky came to know of that risk. Moreover, Mr. Perry does not provide any evidence beyond his own declaration to support the conclusion that Warden Zatecky knew he would face a serious risk of harm if he remained at PCF.

Warden Zatecky did not approve Mr. Perry's transfer. Mr. Perry alleges that Warden Zatecky refused to approve the transfer because he wished to retaliate against Mr. Perry for bringing lawsuits and grievances regarding his conditions at PCF. *Id*. Mr. Perry does not provide any evidence of retaliatory *animus* beyond his own declaration.

Mr. Perry alleges that he was attacked by other inmates at PCF on September 30, 2019. *Id*. at 4. He alleges that Officer Templeton and Officer Richey observed this attack over security video but did not intervene, call other officers to assist him, or call for medical attention afterward. *Id*. Mr. Perry provides no evidence beyond his own declaration and statements that Officer Templeton and Officer Richey were aware of this attack. He alleges that he remains at risk of further harm at PCF and that he is not receiving necessary mental health treatment. *Id*. at 7. Mr. Perry has not provided any information about the danger he faces at PCF, what mental health treatment he should be receiving, or what would be different if he was transferred to a different prison.

### III. ANALYSIS

"[A]n applicant for preliminary relief bears a significant burden." *Ill. Republican Party v. Pritzker*, No. 20-2175, --- F.3d ---, 2020 WL 5246656, at *2 (7th Cir. Sept. 3, 2020). "[T]he applicant need not show that it definitely will win the case." *Id*. But a successful motion for

preliminary injunctive relief "normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* "[A] mere possibility of success is not enough." *Id.*

Mr. Perry has not shown more than a possibility of succeeding on the merits of his First and Eighth Amendment claims. He has not provided any information about what harms he will face if he remains at PCF. As such, he has not demonstrated how he will prove that the Defendants were deliberately indifferent to a serious risk of harm.

"A prison official is liable for failing to protect an inmate from another prisoner only if the official 'knows of and disregards an excessive risk to inmate health or safety[.]'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Id.* (internal quotations omitted). "[A] deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence in prison." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).

Mr. Perry has not described "a specific threat to his safety," *Gevas*, 798 F.3d at 480, in his assertions to this Court. He has not come close to demonstrating how he "proposes to prove" that a specific threat existed before his attack, that the Defendants knew about it, and that it *still* exists and requires his immediate transfer. *Ill. Republican Party*, 2020 WL 5246656, at *2.

As to his mental health treatment, prisoners are "not entitled to demand specific care." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). To prevail on an Eighth Amendment claim, a prisoner must prove that the defendants are deliberately indifferent to a serious medical condition. *Petties v. Carter*, 836 F.,3d 722, 727–28 (7th Cir. 2016) (citing *Farmer*, 511 U.S. at 834). Mr. Perry does not provide any information about his current mental health treatment program or why it is deficient.

4

For the same reasons he has not shown a likelihood of success on the merits, Mr. Perry has not shown that he will suffer irreparable harm if he is not transferred to a different prison. Without knowing more about the harms Mr. Perry faces at PCF, the Court cannot conclude that he will be worse off at PCF than he would be anywhere else.

Finally, Mr. Perry's lack of specificity fails to satisfy the PLRA. Without knowing the nature of the danger Mr. Perry faces at PCF, what mental health treatment he believes he needs, and what treatment is available at PCF, the Court cannot determine whether an injunction requiring the Defendants to transfer him to a different prison would be "the least intrusive means necessary to correct" the problems he alleges. 18 U.S.C. § 3626(a)(2).

## IV. CONCLUSION

"[A]n applicant for preliminary relief bears a significant burden." *Ill. Republican Party*, 2020 WL 5246656, at *2. Mr. Perry has not met that burden. Accordingly, his Motion for a Temporary Restraining Order and a Preliminary Injunction, (Dkt. [36]), is **DENIED**.

**SO ORDERED.**

Date: 9/16/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Rodney S. Perry, Sr., #974441
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Bryan Findley
INDIANA ATTORNEY GENERAL'S OFFICE
bryan.findley@atg.in.gov

Cameron S. Huffman
INDIANA ATTORNEY GENERAL'S OFFICE
cameron.huffman@atg.in.gov